*United States v. Mikelinich*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                        18-3860

CHRISTOPHER MIKELINICH,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | STEVEN Y. YUROWITZ, New York, NY. |
| For Appellee: | CARINA H. SCHOENBERGER, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney, Northern District of New York, Syracuse, NY. |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Christopher Mikelinich appeals from a judgment of conviction entered by the district court (Mordue, *J.*) on December 13, 2018. Mikelinich pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and he was sentenced to 24 months in prison, followed by three years of supervised release. Mikelinich now argues that his conviction should be vacated under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the government failed to offer proof that Mikelinich knew, at the time that he possessed the firearm in question, that he "ha[d] been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We recently held in *United States v. Balde* that a *Rehaif* challenge is reviewed under the plain error standard where, as here, the challenge was not raised before the district court. 943 F.3d 73, 95–96 (2d Cir. 2019); *see also United States v. Keith*, No. 17-4015, 2020 WL 865027, at *2 (2d Cir. Feb. 21, 2020). Mikelinich argues in his reply brief that plain error review does not apply because the district court violated his right to due process by accepting a guilty plea that was not knowing or intelligent. But the defendant in *Balde* also argued that his guilty plea was not knowing or intelligent, and we nevertheless held that the plain error standard applied to his *Rehaif* challenge. *See Balde*, 943 F.3d at 88, 95–96. Mikelinich tries to distinguish *Balde* on the ground that it involved a Rule 11 claim rather than a due process claim, but we do not find this distinction

2

relevant given that the substance of Balde's Rule 11 claim and Mikelinich's due process claim is identical.

Reviewing Mikelinich's challenge under the plain error standard, then, we ask whether "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 96.[1] In addition, because his conviction arose out of a guilty plea, Mikelinich "must establish that the violation affected substantial rights and that there is a reasonable probability that, but for the error, he would not have entered the plea." *Id.* That is, Mikelinich must show a reasonable probability that he would not have pled guilty if the government had been required to prove that he knew, at the time that he possessed the firearm in question, that he "ha[d] been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1).

Mikelinich cannot make this showing. In his plea agreement, Mikelinich admitted that he purchased a shotgun in April 2012 as a gift for his girlfriend and that he occasionally carried, moved, and cleaned the shotgun while living with his girlfriend between November 2014 and February 2017. Mikelinich also admitted that he pled guilty in 2004 to being a felon in possession (based on yet another prior felony) and that he was sentenced to 15 months in prison and three years of supervised release. Given that Mikelinich had in fact been sentenced to more than one year in prison, there is no "reason to believe that he would not have pleaded guilty had he been told that the government would need to prove that he knew he was a felon when he possessed the firearm[]." *Keith*, 2020 WL 865027, at *2. To the contrary, the government would have relied on

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

Mikelinich's prior 15-month sentence "as overwhelming proof of his awareness that he had been convicted of a crime punishable by imprisonment for a term exceeding one year." *Id.*[2] For these reasons, Mikelinich's plain error argument fails.

We have considered Mikelinich's remaining arguments and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[2] Mikelinich suggests that the plain error standard is satisfied because his 2004 felon-in-possession conviction, like his conviction here, was deficient under *Rehaif*. But all that matters for present purposes is that Mikelinich was in fact sentenced to more than one year in prison for his 2004 conviction, and that the government therefore easily could have proven that Mikelinich knew that he was a felon at the time he possessed the shotgun.